UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CR119 HEA |
| | ) | |
| ROMEO PIERRE SMITH, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File a Tardy 28 U.S.C. § 2255, [Doc. No. 40]. For the reasons set forth below, the Motion is denied.

### Facts and Background

On January 15, 2008, Defendant was sentenced to 108 months imprisonment on three counts of possession and distribution of cocaine, pursuant to a Plea Agreement. Defendant did not appeal his conviction or sentence. Defendant spent approximately 3 months in the Cape Girardeau County Jail, wherein he claims to have been unable to access material to conduct research regarding collateral or post-conviction remedies.

In April, 2008, Defendant was transferred to U.S.P. Marion. Defendant admits that at Marion, he was able to perform research regarding post-conviction

remedies.

## Discussion

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Under paragraph 6 of § 2255, motions must be filed within a one-year period that begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

Defendant concedes that his motion was not timely. Nevertheless, Defendant urges the Court to employ the doctrine of equitable tolling, allowing his motion to be

considered timely. On the merits of his equitable tolling claim, Defendant contends that his attorney failed to advise him of the possibility of a claim for ineffective assistance of counsel.

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but it is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003)). In that regard, ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an "extraordinary circumstance" that would justify equitable tolling. *Id.* at 1093. Furthermore, such extraordinary circumstances must not be attributable to the petitioner, *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir.2005), and must be "beyond a prisoner's control," *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). Finally, "[t]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (citing *Martin*, 408 F.3d at 1095). *Byers v. U.S.,* 561 F.3d 832, 835-837 (8th Cir. 2009).

The factual background of this matter establishes that Defendant was not diligent in pursuing his petition. Although he arrived at Marion in April, 2008, this

Motion was not filed until July 7, 2009.  Defendant does not explain the gap between his arrival at Marion, where legal materials are available, to July, 2009, other than to say he was a young man at the time.  This explanation falls short of establishing that Defendant was diligent, in light of the fact that he is still a young man and has now sought to file his Section 2255 Motion.  Without more, the Court cannot say that Defendant acted diligently in pursuing his Motion.

## Conclusion

Based upon the foregoing, the Court concludes that the statute of limitations for the filing of this Section 2255 motion should not be equitably tolled.  As such, the motion for tardy filing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File a Tardy 28 U.S.C. § 2255, [Doc. No. 40], is **DENIED**.

Dated this 24th day of August, 2009.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE